# In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 04-2486

MUHAMMAD SABIR,

*Petitioner,*

*v.*

ALBERTO R. GONZALES, Attorney General
of the United States,

*Respondent.*

---

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A95-925-117

---

ARGUED APRIL 20, 2005—DECIDED AUGUST 26, 2005

---

Before COFFEY, MANION, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Muhammad Sabir, a Pakistani who stayed in the United States longer than authorized, was ordered *in absentia* to be removed when he failed to appear at his removal hearing. He moved to reopen the hearing because he did not receive the notice of its date and time. The immigration judge (IJ) found the notice adequate based on evidence of its attempted delivery. As we have recently emphasized, however, the relevant question in deciding a motion to reopen is not whether the notice was "adequate," but whether it was actually received. Because the IJ's analysis ignored the latter question, we grant the petition for review.

Sabir had been in the United States for four and a half years (three and a half years longer than his extended visitor's authorization permitted) when, in March 2003, he was personally served with a Notice to Appear. The notice directed Sabir to appear before an immigration judge on "a date to be set." On April 10, 2003, the immigration court sent Sabir a notice by U.S. mail informing him that his hearing was scheduled for May 9 at 9:00 a.m. Although the notice was correctly addressed to Sabir's actual residence—6334 N. Talman, Apt. 1-S in Chicago—it was returned as undelivered, stamped "Attempted—Not Known." The hearing was held as scheduled and, when Sabir did not appear, he was ordered removed *in absentia.*

When Sabir received the removal order, which was also sent by U.S. mail to the same address, he immediately filed a motion to reopen his hearing. The motion was based on § 240(b)(5)(C) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1229a(b)(5)(C), which allows rescission of an *in absentia* removal order "if the alien demonstrates that the alien did not receive notice" of the removal proceedings. He included affidavits from his wife and himself stating that they did not receive the notice of the hearing and describing the poor mail service at their apartment building. Sabir supported that statement with photographs of mail strewn upon the entranceway floor. He also included a series of photographs of the mailboxes in his building, including his own, to show that other tenants had names similar to his, which perhaps had caused the improper delivery of the notice.

The IJ denied the motion to reopen, finding that Sabir had received adequate notice. The judge observed that "[a]ccording to INA § 239(c) [8 U.S.C. § 1229(c)], service by mail is sufficient for proper notice if there is 'proof of attempted delivery to the last address provided by the alien,'" and that the notice of Sabir's hearing was mailed and delivery attempted at that address. The IJ

considered Sabir's assertion that mail was sometimes carelessly delivered at his apartment building, but he concluded that careless delivery was not the issue: "[T]he hearing notice . . . was returned to the Immigration Court and stamped 'Attempted—Not Known.' Therefore, the hearing notice was not merely thrown on the floor of the building lobby where it could have been picked up by someone else." The IJ further noted that Sabir's mailbox photographs—which, though undated, were evidently taken at different times—showed his own mailbox labeled in a variety of ways:

> In one photograph, the respondent's name is listed as two words, specifically "Muhammad Sabir." In another photograph, the respondent's name appears as three words instead of two. In yet another photograph, there are four names listed on the address label whereas in all the previous photographs there were only three names listed on the respondent's address label all relating to the respondent's apartment address of 1-S.

The IJ thus concluded that Sabir himself "by his own actions or omissions may have made it impossible for the Postal Authorities to deliver his mail." Finding that Sabir "failed to establish that there was improper delivery" of the notice of the hearing, the IJ held that he was not entitled to have his case reopened. The Board of Immigration Appeals (BIA) summarily affirmed.

We have no quarrel with the conclusion of the IJ and the BIA that the notice of the hearing was proper, and thus that the initial *in absentia* order of removal was proper. As the IJ observed, § 239(a) of the INA, 8 U.S.C. § 1229(a), expressly allows service of the notice by regular mail. Section 239(c), 8 U.S.C. § 1229(c), goes on to say that service by mail is "sufficient if there is proof of *attempted* delivery." (Emphasis added.) Attempted delivery is there-

fore enough to support entry of an *in absentia* order under § 239. As we explained in *Joshi v. Ashcroft,* 389 F.3d 732, 736 (7th Cir. 2004), "[t]he fact that the intended recipient did not actually receive notice does not contradict evidence that delivery was attempted and the notice requirement thus satisfied."

The relevant question here, however, is not whether the initial entry of the *in absentia* order was proper, but whether the IJ should have rescinded the order when Sabir moved to reopen the case. INA § 240 allows reopening "if the alien demonstrates that the alien did not *receive* notice in accordance with . . . section 239(a)." INA § 240(b)(5)(C)(ii), 8 U.S.C. § 1229a(b)(5)(C)(ii) (emphasis added). The two issues are distinct, as we pointed out in *Joshi*: "[I]n this case the issue is not notice but receipt, because the statute allows an alien ordered removed in an absentia proceeding to reopen the proceeding if he did not receive notice even if the notice that was sent, whether or not it was received, satisfied statutory and constitutional requirements." 389 F.3d at 736. See also *Pervaiz v. Gonzales*, 405 F.3d 488, 492 (7th Cir. 2005); *Gurung v. Ashcroft*, 371 F.3d 718, 722 (10th Cir. 2004) ("Considerations on a motion to reopen differ from those relevant to the holding of an in absentia hearing. A motion to reopen focuses on whether the alien actually received notice, rather than on whether the INS sent sufficient notice to the proper address.").

It is undisputed that Sabir did not receive the notice of his hearing—the record shows that it was returned to the immigration court marked "Attempted—Not Known." But what if, as the IJ speculated, it was Sabir's own fault that the notice was not delivered? An alien should not be able to make himself unreachable, and then later ask to have his case reopened because he did not receive notice. See, *e.g.*, *Wijeratne v. INS*, 961 F.2d 1344, 1347-48 (7th Cir. 1992) (upholding denial of motion to reopen where nonreceipt of

notice was alien's own fault); *cf.* INA § 240(b)(5)(B), 8 U.S.C. § 1229a(b)(5)(B) (eliminating notice requirement where alien fails to provide contact information).

In this case, we find no basis in the record for the IJ's suggestion that Sabir thwarted delivery of the notice by changing the name on his mailbox. For one thing, the IJ does not tell us precisely what the changes were, and we cannot decipher them ourselves, because the photographs in the record are too coarsely reproduced. All we know is that at one point the mailbox had the name "Muhammad Sabir"; at another point Sabir's name had three parts instead of two (perhaps a middle name was used, or perhaps a compound last name); and at some third point there were four names on the label instead of three. The IJ did not say that the name "Muhammad Sabir" was at any point missing from the label. We do not see how any of these changes, even if Sabir was responsible for them, would have "made it impossible for the Postal Authorities to deliver his mail," as the IJ speculated. In fact, according to the Postal Service's website, the name on a customer's mailbox is irrelevant to delivery. See United States Postal Service, "Frequently Asked Questions," http://hdusps.esecurecare.net/cgi-bin/hdusps.cfg/php/enduser/std_adp.php?p_faqid=6416 ("Mail is delivered to residential or business addresses even if the name on the mailpiece is different than the known residents."). The critical information is the address, and there is no indication that the address on the mailbox was ever anything but "Apt. 1-S."

The IJ correctly concluded that the initial notice of Sabir's hearing was properly given, but he erred in denying Sabir's motion to reopen in the face of conclusive proof that Sabir did not receive the notice. We therefore GRANT the petition for review and REMAND the case to the BIA for further proceedings.

A true Copy:

    Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*