UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued December 14, 2005
Decided January 6, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1851

| | |
|---|---|
| OLGER GONALZO PERALTA-CABRERA,<br>    *Petitioner*,<br><br>        *v.*<br><br>ALBERTO R. GONZALES,[*]<br>    *Respondent*. | On Petition for Review of<br>an Order of the Board of<br>Immigration Appeals<br><br>No. A73-014-022 |

**O R D E R**

A few days after entering the United States illegally in July 1994, the Immigration and Naturalization Service detained Peralta-Cabrera, an Ecuadorean national, and his traveling companion at O'Hare International Airport in Chicago. Peralta-Cabrera was charged with deportability as an alien who entered the United States without inspection, 8 U.S.C. § 1251(a)(1)(B) (1994) (current version at 8 U.S.C. § 1227(a), (b)(1)). His traveling companion telephoned his brother-in-law who lived in Chicago, Florentine Arias, and asked him to come to O'Hare and help them seek their release.

According to Peralta-Cabrera, he told the INS agents who arrested him that he would stay with Arias once released. After Arias arrived, he spoke with the INS

---

[*] Pursuant to Fed. R. App. P. 43(c), Alberto R. Gonzales is substituted for his predecessor, John D. Ashcroft, as United States Attorney General.

agents and provided the following address where the INS could contact Peralta-Cabrera: "841 West Cornelia, Chicago, Illinois 60657." However, Arias did not specify that mail should be sent to Peralta-Cabrera "in care of" Arias.

On August 10, 1994, the immigration court issued notice that Peralta-Cabrera's deportation hearing was scheduled for November 23, 1994; the notice was sent to Peralta-Cabrera via certified mail and addressed to him at "841 West Cornelia, Chicago, Illinois 60657." The notice was returned to the immigration court on August 12, 1994, bearing the postal stamp "Attempted Not Known." Peralta-Cabrera did not appear at the November 23 deportation hearing, and an IJ ordered him removed *in absentia*. The court then mailed a copy of the IJ's decision to Peralta-Cabrera at the same address; the decision again was returned to the immigration court bearing the stamp "Attempted Not Known."

Nearly ten years later, Peralta-Cabrera applied for adjustment of status based upon an approved employment-visa petition and moved to reopen his deportation proceedings, rescind his *in absentia* deportation order, and change venue to the immigration court in Bloomington, Minnesota. In a memorandum supporting his motion, Peralta-Cabrera asserted that service of the hearing notice was not reasonably calculated to reach him in Chicago because the INS failed to address the notice to be sent to him "in care of" Arias. He argued, in essence, that it was the INS agent's responsibility to ensure that all mail sent to Peralta-Cabrera was sent "in care of" Arias because the agent had constructive notice that Peralta-Cabrera was staying with Arias. Peralta-Cabrera included with his motion an affidavit attesting that he lived at the Corneila address when the immigration court attempted to mail notice of the hearing and that he never refused the delivery of any mail.

The IJ denied Peralta-Cabrera's motion to reopen, reasoning that it was Peralta-Cabrera's responsibility to specify that his mail needed to be sent "in care of" Arias, and that "he can be 'charged' with receiving notice which was sent to the only address he provided." Peralta-Cabrera appealed to the BIA, which upheld the denial of the motion to reopen, finding that the motion was sent to Peralta-Cabrera's last known address and that he received proper notice of the hearing.

On appeal, Peralta-Cabrera does not contend that the address he provided to the INS agent was incorrect; he instead argues that it was the INS agent's fault that the mail was not addressed "in care of" Arias. The government, however, asks us to remand the case to the BIA in light of our recent decision *Sabir v. Gonzales*, 421 F.3d 456 (7th Cir. 2005), to examine whether Peralta-Cabrera can be charged with receiving notice.

We accept the government's suggestion. On remand, the BIA should consider

*Sabir* and determine whether Peralta-Cabrera thwarted the postal service's attempts to deliver notice to him. If the BIA concludes that Peralta-Cabrera did not thwart delivery of notice, then it should examine whether his motion to reopen should be granted on the basis that he did not receive notice in accordance with 8 U.S.C. § 1229a(b)(5)(C)(ii). Each side shall bear their own costs.

REMANDED.