UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 15, 2006
Decided June 26, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2928

| | |
|---|---|
| FARHAN KHAN,<br>*Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals |
| *v.* | No. A78-643-234 |
| ALBERTO R. GONZALES,<br>*Respondent* | |

**O R D E R**

Farhan Khan, a Pakistani citizen, was ordered removed *in absentia* after failing to respond to a Notice to Appear that charged him with overstaying his visitor's visa. More than two years later, Khan filed a motion to reopen the removal proceedings. The IJ denied the motion, and the BIA dismissed Khan's appeal. Because the motion to reopen was untimely, we deny his petition for review.

## I. Background

Khan entered the United States in 1999 as a nonimmigrant visitor for pleasure, authorized to remain until June 2000. In July 2000 the INS received his application for asylum and withholding of removal based on persecution he

allegedly suffered as a member of the Mohjir Qomi Movement (MQM) political party.  In September 2000 the INS mailed Khan a Notice to Appear, which instructed him to appear before an IJ on October 11, 2000.  Khan apparently received oral notice through an interpreter, as well as separate written notice, to appear on January 26, 2001.  He failed to appear at the January hearing, and the IJ entered an *in absentia* order of removal directing his repatriation to Pakistan.

Khan did not appeal that order to the BIA or take any other action until September 2003 when he filed through counsel a motion with the IJ to reopen his case and rescind the removal order.  The general rule is that a motion to reopen must be filed within 90 days, *see* 8 U.S.C. § 1229a(c)(7)(C)(i).  Khan's motion claimed an exemption under 8 C.F.R. § 3.23(b)(4) (2000), which allows an alien to file at any time based on materially changed conditions in the country to which he will be removed.  (*Id.*)  (That regulation, later renumbered as 8 C.F.R. § 1003.23(b)(4), implements the statutory filing deadlines set out in 8 U.S.C. § 1229a(b)(5)(C)(i) and (ii).)

All Khan said in his motion was that unspecified evidence of changed conditions "is material and could not have been discovered or presented at the previous proceeding due to the political developments that have occurred in Pakistan in recent months."  Included with the motion was Khan's own affidavit, which is silent about changes in Pakistan, and an unsworn statement from his sister, Almas Wasim Rizvi, a naturalized American citizen.  Rizvi described Khan's political activity, his arrest on March 24, 1996, and the subsequent torture and other abuse that he allegedly suffered at the hands of Pakistani police.  She also gave facts that purportedly show how Pakistan has become more dangerous for Khan, such as the allegedly ongoing murders of MQM party members.

Khan's motion to reopen is silent about why he failed to appear at the January 2000 hearing.  He asserts in the accompanying affidavit that "a serious illness" he thought was influenza prevented him from attending his hearing. Because he could not afford medical treatment, he continues, "I remained in bed and nursed myself back to health."  Khan further explains in his affidavit that he did not know that he was required to contact the immigration court, and that he did not have a phone number with which to do so.  Khan does not specify in his affidavit when he learned of the removal order, and says only that he first heard about it when he consulted an attorney about how to obtain a visa based on his November 2002 marriage to a United States citizen.  The attorney, Khan said, told him that he should leave the United States and re-enter legally in order to obtain a valid visa. According to his affidavit, Khan entered Canada in March 2003 and was immediately detained.  He asserts that he was expelled to the United States and detained in August 2003, at which time he prepared his motion to reopen his case

and rescind the order of removal. He offers no explanation for his failure to contact the immigration court after he recovered from his illness and learned of the order.

The IJ denied Khan's motion, reasoning that he failed to meet the requirements for reopening his case under 8 U.S.C. § 1229a(b)(5)(C). The IJ found that Khan had been advised orally and in writing of the consequences of failing to appear, that his proffered reason for not appearing did not qualify as an "exceptional circumstance" that would excuse his failure to attend, and that his motion was filed outside the 180-day period allowed for motions to reopen where removal has been ordered *in absentia*, *see* 8 U.S.C. § 1229a(b)(5)(C)(i). The IJ also noted that Khan's motion presented no evidence "that could not have been discovered or presented at his previously scheduled asylum hearing."

Khan appealed this decision to the BIA. In his brief, he alleged that he never received notice of the *in absentia* order of removal, and argued that consequently the time period for filing his motion to reopen should have been equitably tolled. Khan conceded that he did receive notice that he must appear at his January 2001 hearing and of the consequences of failing to appear, but he argued that he was never instructed what to do if extraordinary circumstances prevented him from attending. He asserted that he became aware of the order in "mid-November of 2002," and that the running of the 180-day period in which to file the motion to reopen should have begun then.

The BIA adopted the IJ's reasoning and affirmed in a February 2004 order. It specifically rejected Khan's argument that the 180-day period was equitably tolled since, according to the BIA, the record showed that a copy of the *in absentia* removal order had been mailed to Khan's address. And even if the motion had been timely, the BIA held, he did not show that the illness he claimed to have suffered was severe enough to constitute an "exceptional circumstance." *See* 8 U.S.C. § 1229a(e)(1) (listing "serious illness" as an exceptional circumstance that allows an applicant to apply under § 1229a(b)(5)(C) for rescission of an *in absentia* order of removal). The BIA thus deemed Khan to have abandoned his claims to relief, including his asylum application, as a consequence of failing to demonstrate exceptional circumstances that could excuse skipping the January 2001 hearing. The BIA added that Khan had not shown that conditions in Pakistan had changed "such that he now has a new basis for that relief." Finally, the BIA held that Khan had missed the 90-day limitations period for seeking an adjustment of status based on his marriage to a United States citizen, *see* 8 C.F.R. § 1003.23(b)(3), and that because he was informed of the consequences of failing to appear he was not eligible to have his case reopened in order to pursue that relief.

## II. Analysis

Khan's argument has shifted several times over the history of this case.  His motion before the IJ focused on allegedly changed country conditions in Pakistan and argued that they exempted him from the normal 180-day filing deadline, citing 8 C.F.R. § 3.23(b)(4) (2000).  He alleged only in passing that he had not been given notice of the *in absentia* order of removal.  His brief on appeal to the BIA argued that the lack of notice entitled him to equitable tolling of the 180-day period.  His brief before this court abandons the request for tolling, and frivolously contends that a lack of notice exempts him from the deadline.

Khan's only basis here for characterizing his motion to reopen as timely is the purported absence of proof in the record that he was properly *served* with the *in absentia* order of removal.  That omission, he says, should exempt him from the filing deadline under 8 U.S.C. § 1229a(b)(5).  But Khan's point is irrelevant.  Even assuming that the *in absentia* order of removal was never mailed, Khan's motion was untimely.  He argues that "any use of time limits to deny a motion to reopen an in absentia order of removal [is] inappropriate" when the order was not properly served.  But that is incorrect.  The statute Khan cites, *see* 8 U.S.C. § 1229a(b)(5), gives an alien unlimited time in which to file a motion to reopen only if the alien "did not receive notice in accordance with [8 U.S.C. § 1229(a)(1) or (2)]", *see* 8 U.S.C. § 1229a(b)(5)(C)(ii).  Section 1229(a) concerns the "notice to appear" used to initiate removal proceedings.  Subsection (a)(1) requires that a notice to appear include, among other things, the nature, time, and place of the proceedings, the authority under which they are conducted, and the consequences of failing to appear.  That subsection has nothing to do with an order of removal that might eventually issue in proceedings triggered by a notice to appear.  The same is true of subsection (a)(2), which concerns only notice of a change in the time or place of a removal hearing.

Our precedent also considers the sufficiency of notice of the hearing rather than that of the subsequent order.  *See, e.g.*, *Sabir v. Gonzales*, 421 F.3d 456, 457 (7th Cir. 2005); *Nazarova v. I.N.S.*, 171 F.3d 478, 482 (7th Cir. 1999) ("[D]ue process requires notice reasonably calculated to provide actual notice of the proceedings and a meaningful opportunity to be heard.").  Khan cites 8 C.F.R. § 1003.26(d) and *Matter of G-Y-R-*, 23 I&N Dec. 181 (BIA 2001), to support his argument, but he mischaracterizes them; they also concern notice of the hearing, not of the order.  Khan similarly mischaracterizes *Matter of M-S-*, 22 I&N Dec. 349 (BIA 1998).  *Matter of M-S-* concerns the standards for reopening a case where the alien did not receive notice of the consequences of failing to appear.  And there is no dispute that Khan did receive notice to appear at the hearing and of the consequences of failing to appear; he conceded in his brief to the BIA that he received oral notification of the hearing.  Moreover, he concedes here that he also received written notice, and

that the attached certificate of service acts "as self-authentication in the record to verify proper service" of that notice.  The petition for review is DENIED.