Vacated by Supreme Court, April 27, 2009

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2118**

SOLOMON DEBESSAY TESFAGABER,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 25, 2009                   Decided:  April 23, 2009

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Laura Tuell Parcher, Christian G. Vergonis, Juliet Johnson Karastelev, JONES DAY, Washington, D.C., for Petitioner. Michael F. Hertz, Acting Assistant Attorney General, Linda Wernery, Assistant Director, Scott Rempell, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Solomon Debessay Tesfagaber, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his motion to reopen and to rescind the in absentia removal order. We deny the petition for review.

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.23(b)(1)(iv) (2008); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006). A denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor such motions. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). This court will reverse the denial of a motion to reopen only if the denial is "arbitrary, capricious, or contrary to law." Barry, 445 F.3d at 745. When, as here, the Board affirmed the immigration judge's decision to deny the motion to reopen, the court reviews that decision and the immigration judge's decision to the extent the Board relied upon it. Niang v. Gonzales, 492 F.3d 505, 511 n.8 (4th Cir. 2007).

A removal order issued in absentia may be rescinded "upon a motion to reopen filed within 180 days after the date of

2

the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1) of this section)." See 8 U.S.C. § 1229a(b)(5)(C)(i). Section 1229a(e)(1) provides that:

> The term "exceptional circumstances" refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien.

It is uncontested that Tesfagaber did not file the motion to reopen within 180 days. Insofar as he argues that the time period is subject to equitable tolling, this is not an issue he raised before the Board and is not properly before this court because it was not exhausted. Gonahasa v. INS, 181 F.3d 538, 544 (4th Cir. 1999). Even if he had exhausted the argument before the Board, he did not argue that he was diligent in his efforts to keep current with his immigration proceedings after the Board remanded the action to the immigration judge. See, e.g., Barry v. Mukasey, 524 F.3d 721, 724-25 (6th Cir. 2008) (describing factors to consider when determining whether equitable tolling is appropriate).

An in absentia removal order may be rescinded at any time "if the alien demonstrates that the alien did not receive notice" of the hearing either by service in person or by mail, except that if the notice specified a new time and date for the

3

hearing, written notice is not required if the alien failed to provide a current mailing address. 8 U.S.C. § 1229a(b)(5)(C)(ii). However, Tesfagaber failed to keep the immigration court current with his mailing address. See Dominguez v. U.S. Atty Gen., 284 F.3d 1258, 1260-61 & n.4 (11th Cir. 2002) (holding that an alien who does not actually receive notice due to a failure to provide a current mailing address cannot demonstrate that he did not receive notice in accordance with paragraph (1) or (2) of § 1229(a) because § 1229a(b)(5)(B) states that "[n]o written notice shall be required . . . if the alien has failed to provide the address required under section 1229(a)(1)(F) of this title.") (emphasis added); see also Gomez-Palacios v. Holder, __ F.3d __, __, 2009 WL 388943, *4 (5th Cir. 2009) ([I]f the alien's failure to receive notice is "due to his neglect of his obligation to keep the immigration court apprised of his *current* mailing address [it] does not mean that the alien did not receive notice.") (emphasis added); Sabir v. Gonzales, 421 F.3d 456, 459 (7th Cir. 2005) ("[A]n alien should not be able to make himself unreachable, and then later ask to have his case reopened because he did not receive notice."). Thus, because it was shown that the notice was sent to his last known address and Tesfagaber did not notify the immigration court of a current address at which he could be contacted, he cannot now seek rescission of the removal order based on not receiving

4

notice. Thus, we find the Board did not abuse its discretion in affirming the immigration judge's denial of Tesfagaber's motion to reopen. Nor do we find Tesfagaber was denied due process. See, e.g, Rusu v. INS, 296 F.3d 316, 321-22 (4th Cir. 2002) (the fundamental requirement of due process is the *opportunity* to be heard at a meaningful time and manner) (emphasis added). Clearly, Tesfagaber was provided with the opportunity to be heard, which he missed due to his failure to keep the immigration court informed of a current mailing address.

Insofar as Tesfagaber claims he is entitled to relief under the Convention Against Torture ("CAT"), because he was found removable for having committed an aggravated felony, we do not have jurisdiction to review the immigration judge's factual findings in this regard. Saintha v. Mukasey, 516 F.3d 243, 248-49 (4th Cir.), cert denied, 129 S. Ct. 595 (2008). We further find that the Board's decision not to rescind the in absentia removal order would not have an unconscionable result. See, e.g., Singh v. INS, 295 F.3d 1037, 1040 (9th Cir. 2002) (alien was the beneficiary of an approved visa petition and would not have been deported but for his failure to appear).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED