NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 09-4119
_____

JOHNNY MACEDO-DIAZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
No. A071-488-212
Immigration Judge:  Hon. Margaret Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2010

BEFORE:  SCIRICA, STAPLETON and ROTH,
*Circuit Judges*

(Opinion Filed:11/5/2010 )

_____

OPINION OF THE COURT
_____

STAPLETON, Circuit Judge:

Petitioner is a native and citizen of Peru who entered the United States without inspection on or about April 30, 1989. He here seeks review of a decision of the BIA affirming an IJ's denial of his motion to reopen his removal proceedings.

On March 12, 1992, petitioner was personally served with an order to show cause at a date and time to be thereafter set why he should not be removed. On that occasion, he provided the INS with his address: 19 Brook Street, Mahwah, NJ 07430. The INS sent notices to him at that address via certified mail on February 24, 1994; April 5, 1994; April 29, 1994; July 1, 1994; and July 19, 1994, advising him of hearings scheduled before an IJ. Hearings were scheduled for April 24, 1994; July 18, 1994; and August 5, 1994. Each notice was returned as undeliverable because the addressee had moved and failed to leave a forwarding address. Petitioner did not appear at any of the hearings, and he was ordered removed *in absentia* on August 5, 1994.

On May 27, 2009, nearly fifteen years after the order of removal, petitioner filed a motion to reopen the removal proceedings in order to seek cancellation of removal. The only statement in petitioner's brief to the IJ regarding his failure to appear stated that he "failed to appear in the Immigration Court because he was young, he became confused about the date, and because he was afraid to go to Court." App. at 151. Petitioner's brief neither alleged facts nor raised arguments relating to the service of the notice or his

2

change of address. On June 24, 2009, the IJ denied the motion to reopen, concluding as follows:

> Based on his last known address, this Court properly issued and served on Respondent the five hearing notices sent by certified mail with return receipt. All the hearing notices were returned to this Court only because *Respondent had moved, and he left no address.* By law, Respondent was legally obligated to immediately notify this Court as to any changes or corrections to the "19 Brook Street" address. *Matter of Grijalva*, 21 I. & N. Dec. at 33; *see* INA §§ 242B(a)(1)(F)(i)-(ii),(4),(c)(1)-(2). Respondent failed to meet his legal obligations.

App. at 8 (emphasis in original).

On appeal, the BIA affirmed the IJ's "determination that the respondent failed to notify the Immigration Court of his change of address, and that service of the notice of deportation hearing was proper." App. at 5. While the BIA acknowledged that there may have been no actual receipt of notice, it held that the respondent was ineligible for rescission of his *in absentia* order of removal because he had thwarted delivery of notice by relocating and failing to provide a change of address.

In denying reopening, the BIA further noted that petitioner had not asserted in his original motion that he actually failed to receive notice of the August 1994 hearing and that, while his brief on appeal had stated that he had moved away from the Brook Street address and had advised the Immigration Court, the administrative record was devoid of evidence of an address change notification of any kind.

We will deny the petition for the reasons given by the BIA. *See* 8 U.S.C. § 1252b(a)(1)(F)(ii), (c)(2) (1992) (requiring that "the alien must provide the Attorney

3

General immediately with a written record of any change of the alien's address," and providing that "written notice [by certified mail] shall be considered sufficient if provided at the most recent address provided");[1] *Maghradze v. Gonzales*, 462 F.3d 150, 153-55 (2d Cir. 2006) ("[E]ven assuming that an alien could rebut the presumption that properly-provided notice was actually received, the alien is deemed to be in constructive receipt of properly-provided notice – and hence ineligible for rescission of his *in absentia* order of removal – if he thwarted delivery . . . by relocating and failing to provide a change of address."); *Gomez-Palacios v. Holder*, 560 F.3d 354, 360 (5th Cir. 2009) (holding that where an alien's "failure to receive actual notice of the time of his postponed hearing was the result of not complying with his obligation to keep the immigration court apprised of his current mailing address[,] [s]uch a failure is grounds for denying rescission of a removal order"); *Sabir v. Gonzales*, 421 F.3d 456, 459 (7th Cir. 2005) ("An alien should not be able to make himself unreachable, and then later ask to have his case reopened because he did not receive notice.").[2]

---

[1] Because petitioner was placed in proceedings prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 8 U.S.C. § 1252b applies to his case. *See Luntungan v. Attorney Gen.*, 449 F.3d 551, 556 (3d Cir. 2006) ("The old statute continues to apply to aliens who were placed in proceedings before April 1, 1997, the effective date of IIRIRA.").

[2] The holding of the BIA, and those of our sister Courts of Appeals, are not inconsistent with our decision in *Santana Gonzalez v. Attorney General*, 506 F.3d 274 (3d Cir. 2007). In *Santana Gonzalez*, the hearing notices were sent by regular mail and were not returned. The petitioner claimed non-delivery. There accordingly was a dispute of fact as to whether the petitioner had received the notices. The IJ and BIA denied the petitioner's motions to reopen the proceedings and rescind the removal order. In the course of doing so, they concluded that she had failed to rebut the "presumption of

4

Petitioner faults the BIA for failing to analyze whether there were "exceptional circumstances" responsible for his failing to attend. However, where the motion to reopen has been filed more than 180 days after the removal order was entered, "exceptional circumstances" will not justify rescission of an *in absentia* removal order. 8 U.S.C. § 1252b(c)(3)(A) (1992).

Also contrary to petitioner's contentions, the BIA did not engage in impermissible fact finding when it relied on the absence in the administrative record of any evidence of a change of address notification in affirming the determination of the IJ. Nor do we find any violation of petitioner's rights under the due process clause. The only relief petitioner currently seeks is cancellation of removal. Due process does not extend to a hearing for an alien on the merits of discretionary relief. *Hernandez v. Gonzales*, 437 F.3d 341, 345-46 (3d Cir. 2006).

Accordingly, we will deny the petition for review.

---

effective delivery." We granted the petition for review, holding that the presumption applied was appropriate for certified mail cases only and that petitioner should have been held to a lesser burden in her effort to rebut the presumption that arises from dispatch of notice by regular mail. We remanded for further proceedings. At the conclusion of our opinion, we limited our ruling to the burden of rebutting the presumption of effective delivery in a regular mail case and expressly reserved for the IJ's consideration the effect, if any, of a failure to comply with "the clear requirement" of providing notice of a change of address. *Id*. at 281. Here, there is no dispute that the notices never reached petitioner, and the IJ and BIA took into account the requirement that petitioner provide notice of a change of address.