**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

MAR 04 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



TOMAS NUNEZ-FLORES,

Petitioner,

v.

LORETTA E. LYNCH

Respondent.

No. 13-72103

Agency No. A077-133-687

MEMORANDUM*

On Petition for Review of an Order
of the Board of Immigration Appeals

Argued and Submitted February 12, 2016
San Francisco, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and ADELMAN, District
Judge.**

Petitioner Tomas Nunez-Flores seeks judicial review of the Board of

Immigration Appeals' refusal to reopen and rescind an in absentia removal order. *See*

8 U.S.C. § 1252(a). The Board did not abuse its discretion in determining that,

because petitioner failed to provide a valid mailing address, written notice of his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

removal hearing was not required. *See* 8 U.S.C. § 1229(a)(2)(B); 8 C.F.R. § 1003.26(d); *see also Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1004 (9th Cir. 2014) (explaining that, in order retain their right to notice, aliens must provide an address at which they may be contacted regarding the removal proceeding). The Postal Service returned the hearing notice with the notation, "No Mail Receptacle, Unable to Forward," which means the "Addressee failed to provide a receptacle for receipt of mail." http://pe.usps.com/archive/html/dmmarchive0810/F010.htm (last visited Feb. 22, 2016). Petitioner relies on *Sabir v. Gonzales*, 421 F.3d 456 (7th Cir. 2005) to argue that he was not at fault for the mail delivery failure. However, unlike the alien in *Sabir*, petitioner presented no evidence of mail delivery problems at his residence (e.g., that someone stole or vandalized his mailbox or bad weather knocked it down), and the record shows that other documents mailed by immigration authorities to the address petitioner provided were returned with this same notation, which supports the finding that petitioner failed to provide an address where he could receive mail.

**PETITION FOR REVIEW DENIED**.