United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60827
Summary Calendar

AI MING JIANG,

Petitioner,

versus

ALBERTO R GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 719 974
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Ai Ming Jiang, a native and citizen of the People's Republic
of China, petitions this court for review of the Board of
Immigration Appeal's (BIA) order affirming the immigration
judge's (IJ) order denying his motion to reopen removal
proceedings.  When, as here, the BIA adopts the IJ's decision, we
may review the IJ's decision.  See Mikhael v. INS, 115 F.3d 299,

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

302 (5th Cir. 1997). A "highly deferential abuse of discretion standard" applies in reviewing the BIA's denial of a motion to reopen. Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).

Jiang argues that his due process rights were violated because he never had the opportunity to have his asylum claim heard on its merits. He maintains that his motion to reopen should have been granted because he was not properly advised of his duty to provide the immigration court with an address in a language he understood. He asserts that the I-213 form showing that he did receive such notice was suspect because statements in it were false.

Jiang has not proven that any information contained in the I-213 form was false. Accordingly, the BIA's factual determination that Jiang was warned of the requirement of providing an address and the consequences of failing to appear is supported by substantial evidence in the record. See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 350 (5th Cir. 2002); Calderon-Ontiverios v. INS, 809 F.2d 1050, 1053 (5th Cir. 1986). As Jiang was informed of his duty to provide the immigration court with his address and failed to do so, he was not entitled to notice of the removal hearing. 8 U.S.C. § 1229a(b)(5)(B). For the same reason, the constitutional requirement of due process was also met. See United States v. Estrada-Trochez, 66 F.3d 733, 735-36 (5th Cir. 1995). Accordingly, Jiang has not shown that the BIA abused its discretion by denying his motion to reopen on the

ground that he did not receive notice of the hearing. See Lara, 216 F.3d at 496.

Jiang additionally argues that the BIA and IJ abused their discretion by not reopening his removal proceedings on the ground that he had shown exceptional circumstances for not attending the hearing. While he acknowledges that his motion to reopen was not filed within the 180-day time limit for filing a motion to reopen on this ground, he maintains that this time limit should have been equitably tolled.

Assuming arguendo that equitable tolling applies to the deadline at issue here, Jiang has not shown the exceptional circumstances necessary to be entitled to reopen his removal proceedings. Jiang did not attend the removal hearing because he did not provide the immigration court with his address as required. Accordingly, he did not show that his failure to attend the hearing was caused by exceptional circumstances beyond his control. See § 1229a(e)(1). Jiang has not shown that the BIA abused its discretion by denying his motion to reopen on the ground that he did not attend the hearing due to exceptional circumstances. See Lara, 216 F.3d at 496.

PETITION FOR REVIEW DENIED.