BOYCE F. MARTIN, JR., Circuit Judge.
Ndue Mecaj appeals the decision of the Board of Immigration Appeals denying his motion to reopen his case following a deportation order issued in absentia. Because the Board did not allow Mecaj the opportunity to rebut the presumption of receipt of notice of a rescheduled hearing, we REVERSE and REMAND for a hearing on the merits of Mecaj’s claim that he did not receive notice.
I
On February 10, 2003, a border patrol agent stopped Mecaj and placed him under arrest for a lack of immigration documents. During an interview with the agent, Mecaj stated that he was living and working in the United States and had recently moved to 30150 West 9 Mile Road, # 20813, Farmington Hills, Michigan 48336. The same day, INS (now Immigration and Customs Enforcement) issued Mecaj a Notice to Appear to stating that he was to appear before an immigration judge at a date and time to be determined. The Notice to Appear listed his Farming-ton Hills address as his current residence.
Mecaj was released on February 18, 2003. A Notice to the Executive Office for Immigration Review was prepared by Deportation Assistant Donald Williams which listed Mecaj’s address as 2658 Cove Bay Dr., Waterford, MI 48239. Mecaj was advised of his responsibility to update his address in case of a change and was provided a form on which to do so. On August 14, 2003, the government sent notice of a hearing set for November 20, 2003 to the Waterford address. Mecaj apparently received this notice since he attended the hearing as required. The notice stated that Mecaj must correct any errors in his contact information.
At the hearing, the judge recused herself because of prior relations with Mecaj’s counsel. Notice of a rehearing set for June 22, 2004 was served in person to Mecaj, and again listed the Waterford address.
Due to a scheduling conflict with a judge’s training day, the court yet again rescheduled the hearing, this time moving it from June 22 to June 15, 2004. Notice of this change was sent by mail to the Waterford address. Mecaj asserts that he never received this notice.
On June 8, 2004, Mecaj’s attorney, filed a motion for continuance because of a scheduling conflict on June 22. The mo *451 tion was denied without mention that the date had already been changed. On June 15, 2004, Mecaj did not appear at the hearing, and so the immigration judge ordered Mecaj removed. On June 22, Mecaj and his attorney appeared for the hearing and were told that the judge was away for training and that an order for deportation had been issued in absentia.
Mecaj then filed a motion to reopen his proceedings claiming that he had not received notice of the hearing. The immigration judge denied the motion because Mecaj was aware of the need to update his address and notice was sent to the Waterford address and not returned as undeliverable raising the presumption of receipt. Mecaj appealed to the Board of Immigration Appeals which adopted the immigration judge’s decision.
II
This Court reviews the Board of Immigration Appeals’ denial of a motion to reopen for abuse of discretion. I.N.S. v. Abudu, 485 U.S. 94, 96, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); Daneshvar v. Ashcroft, 355 F.3d 615, 625 (6th Cir.2004). The Board abuses its discretion when it acts arbitrarily, irrationally, or contrary to law. Babai v. I.N.S., 985 F.2d 252, 255 (6th Cir.1993).
Mecaj was ordered deported in absentia because he was not present at his hearing and notice of hearing was sent to his last known address, according to statute. 8 U.S.C. § 1229a(b)(5)(A). Normally proof that an alien did not receive notice would allow the alien to request that his case be reopened following a deportation order issued in absentia. 8 U.S.C. § 1229a(b)(5)(C).
The immigration judge ignored any evidence that Mecaj did not actually receive notice, and instead presumed receipt of notice based on the fact that notice was sent to Mecaj’s last known address and was not returned as undeliverable. This was in error. Mailing notice raises only a rebuttable presumption of receipt. Salta v. I.N.S., 314 F.3d 1076, 1079 (9th Cir.2002). Since notice in this case was sent by regular mail rather than certified mail, that presumption is weaker. Id. Furthermore, the Board must consider all relevant evidence, including circumstantial evidence, offered to rebut the presumption of receipt. Lopes v. Gonzales, 468 F.3d 81, 86 (2d Cir.2006). Mecaj’s affidavit stating that he did not receive notice, the fact that Mecaj attended his initial hearing, the fact that Mecaj presented himself in court on June 22 for the rescheduled hearing, and the fact that Mecaj did receive other correspondence sent to the Waterford address, must be considered, along with any other evidence Mecaj presents, in determining if Mecaj can overcome the presumption.
The government argues that no notice is required in this case. Notice is not required when the alien fails to provide a current address as required by statute. 8 U.S.C. § 1229a(b)(5)(B). However, because Mecaj did provide an address, the government remained under an obligation to send notice to that address. While it is true that Mecaj cannot now be heard to complain that he did not receive notice because he had moved, he may present evidence that he normally would receive correspondence at that location, yet did not receive notice. To this end he may point to the fact that he did receive other correspondence at the Waterford address even though he now avers that he lives at a different address.
The government also argues that under Maghradze v. Gonzales, 462 F.3d 150, 154 (2d Cir.2006), receipt of notice should be imputed to Mecaj through the doctrine of constructive receipt because Mecaj failed *452 to correct his address. We do not agree. We have not applied constructive receipt in this context, but assuming arguendo that it does apply, constructive receipt is appropriate where the circumstances indicate the alien is attempting to gain advantage by thwarting service of notice. In Maghradze, the Board of Immigration Appeals apparently considered the receipt requirement met if notice were properly provided (i.e., notice was mailed to the last address provided by the alien), but the alien thwarted delivery. Id.; see also, Sabir v. Gonzales, 421 F.3d 456, 459 (7th Cir.2005) (suggesting that an “alien should not be able to make himself unreachable, and then later ask to have his case reopened because he did not receive notice”). We note that we do not accept the expansive definition of this concept, promulgated in Maghradze, that only if the alien fails to receive notice due to “circumstances beyond his control” can he petition to reopen his case. Id. Deportation is extraordinarily harsh, see e.g., Gonzalez v. I.N.S., 996 F.2d 804, 811 (6th Cir.1993) (noting “the harsh results that deportation wrecks on aliens and their families”), and we would not read the statute to impose such consequences based on mere error or carelessness without explicit statutory instruction. Cf. Staples v. United States, 511 U.S. 600, 616, 114 S.Ct. 1798, 128 L.Ed.2d 608 (1994) (finding that the “harsh penalty” of up to 10 years imprisonment confirmed a reading of the statute that required a higher level of fault where the statute was silent).
In this case, we find no evidence that Mecaj has in any way attempted to thwart service of notice.[1] In fact, he appeared at the first scheduled hearing, and at the originally appointed time for the second hearing. Thus Mecaj cannot be held to have constructively received notice since he did not attempt to thwart receipt.
Ill
Because Mecaj provided an address as required by statute, and because he did not thwart receipt, we find that the Board erred in presuming or imputing receipt of notice, and therefore that it abused its discretion. We therefore REVERSE and REMAND for consideration that Mecaj did not actually receive notice at the Waterford address he provided.

. The dissent points to the immigration judge's last sentence as a factual finding that Mecaj thwarted delivery. The immigration judge stated, "If respondent did not receive the notice of hearing because he moved without advising this Court of his change of address, it was due to his excusable [sic] inaction.” We do not believe this is a factual finding that Mecaj thwarted delivery: the statement addresses a hypothetical that does not correspond to Mecaj's claim. Furthermore, even if it were a factual finding, it finds only "excusable [sic] inaction,” not thwarting. Inexcusable inaction without more does not necessarily rise to the level of thwarting which we would require given the draconian penalty of deportation.