**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0306n.06
Filed: April 27, 2009

No. 08-3720

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| **FRANCISCO JAVIER GASCA-RODRIGUEZ,** ) | |
| ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **ON APPEAL** FROM THE BOARD |
| **v.** ) | OF IMMIGRATION APPEALS |
| ) | |
| **ERIC H. HOLDER, United States Attorney** ) | |
| **General,** ) | |
| ) | |
| **Respondent.** | |

BEFORE: MERRITT, COOK, and WHITE, Circuit Judges.

**MERRITT, Circuit Judge.** Petitioner Francisco Javier Gasca-Rodriguez appeals the decision of the Board of Immigration Appeals denying his motion to reopen his case following a deportation order issued *in absentia*. An Immigration Judge dismissed petitioner's I-485 application on grounds that he did not appear at a calendar call (not a hearing on the merits), even though there is a serious question based on the record before us as to whether petitioner received notice of the calendar call. There is no specific or testimonial rebuttal of petitioner's counsel's specific denial that any notice was received. Upon finding that the Board did not allow Gasca-Rodriguez an adequate opportunity to rebut the presumption that he received notice of a hearing, we reverse and remand for a hearing on the merits of Gasca-Rodriguez's claim that he and his attorney did not receive notice.

**BACKGROUND**

Petitioner Gasca-Rodriguez is a native and citizen of Mexico. He last entered the United States in 1991 without inspection before an Immigration Officer. He has three children who reside with him in the United States, all of whom are American citizens. His father also resides in the United States as a permanent resident alien. On October 7, 2005, the Department of Homeland Security issued Gasca-Rodriguez a Notice to Appear, alleging that he was subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. To avoid removal, Gasca-Rodriguez's father filed an I-130 visa petition on his son's behalf, and Gasca-Rodriguez submitted an I-485 application for adjustment of status with Citizenship and Immigration Services along with a $1000 filing fee and certain biometric data.

Gasca-Rodriguez appeared at his first master calendar hearing before the immigration court pro se. Thereafter, he hired an attorney who appeared with him at all later hearings and continues to represent him in the current appeal. On March 21, 2006, Gasca-Rodriguez and his attorney appeared at a second master calendar hearing. At the hearing, the court scheduled Gasca-Rodriguez's individual hearing for June 20, 2007. On July 24, 2006, the immigration court mailed Gasca-Rodriguez's attorney a notice that Gasca-Rodriguez had been scheduled for another master calendar hearing on September 26, 2006. Gasca-Rodriguez and his attorney appeared at that hearing and, according to the government, were at that time notified to appear at yet another master calendar hearing scheduled for March 13, 2007. Gasca-Rodriguez and his attorney allege that they never received such notice and were, therefore, unaware of the hearing. When neither Gasca-Rodriguez nor his attorney appeared at the March 13, 2007, hearing, the immigration judge ordered Gasca-Rodriguez removed *in absentia* under 8 U.S.C. § 1229a(b)(5)(A).

On April 10, 2007, Gasca-Rodriguez filed a motion to reopen his case, arguing that neither he nor his attorney received notice of the new hearing date. Submitted with the motion was an affidavit from the attorney's secretary stating that the law office never received any correspondence from the immigration court informing them of the new hearing date. The government opposed the motion on the grounds that both oral and written notice of the March 13 hearing were given at the September 26 hearing. There is no transcript of the September 26 hearing, so it is impossible to know whether oral notice was indeed given; however, the government produced a copy of a notice signed by the immigration court clerk indicating that written notice was hand-delivered to Gasca-Rodriguez's attorney at the September 26 hearing. On April 19, 2007, in a one-page order, the immigration judge denied Gasca-Rodriguez's motion to reopen based on a finding that both oral and written notice had been given at the September 26, 2006, hearing.

On May 7, 2007, Gasca-Rodriguez filed a notice of appeal with the Board of Immigration Appeals. In a lengthy brief, his attorney again asserted that no notice was given. Were it otherwise, he argued, Gasca-Rodriguez's absence would make no sense, especially given his appearance at numerous other hearings, the acceptance of his father's I-130 petition, his pending I-485 application for adjustment of status, his payment of a $1000 fee, and, moreover, the presence of his three children with whom he clearly wishes to remain. On May 16, 2008, the Board of Immigration Appeals affirmed the opinion of the immigration judge in a short, three-paragraph order. In pertinent part, the Board determined that written notice of a hearing is sufficient notice, and that the alleged notice of the hearing indicated that it was hand-delivered to Gasca-Rodriguez's attorney. The Board did not consider any of the arguments advanced by Gasca-Rodriguez, other than to note that the

affidavit from the attorney's secretary was irrelevant because the dispute turned on whether notice was delivered to the attorney in-person at the hearing.

## DISCUSSION

In his brief to this court, Gasca-Rodriguez challenges the Board of Immigration Appeals' denial of his motion to reopen on Due Process grounds. This argument is without merit. Although aliens enjoy a Due Process right to a "full and fair hearing" before an immigration court, *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001), this right does not extend to discretionary relief from removal. *See Ashki v. INS*, 233 F.3d 913, 921 (6th Cir. 2000). Absent a property interest in the right claimed, it is impossible to show a Due Process violation. *See Hanna v. Gonzales*, 128 F. App'x 478, 481 (6th Cir. 2005).

The failure of Gasca-Rodriguez's Due Process challenge notwithstanding, the Board of Immigration Appeals' denial of his motion to reopen is still before us. In this regard, we note that Gasca-Rodriguez's appeal to the Board focused on rebutting the presumption of notice and that his petition to this court asks in the broadest terms possible for review of the Board's decision. *See* J.A. at 12-17. The government contends that, despite these factors, we may only review Gasca-Rodriguez's Due Process claim. This argument is not well taken. The general rule that arguments not raised in an opening brief are waived is "prudential and not jurisdictional." *Youghiogheny and Ohio Coal Co. v. Milliken*, 200 F.3d 942, 955 (6th Cir. 1999) (citing *Dorris v. Absher*, 179 F.3d 420, 425 (6th Cir. 1999)).

Turning squarely to the Board of Immigration Appeals' decision, we review the denial of a motion to reopen for abuse of discretion. *INS v. Abudu*, 485 U.S. 94, 96 (1988). The Board abuses

its discretion when it acts arbitrarily, irrationally, or contrary to law. *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003).

An order of removal entered *in absentia* may be rescinded if the alien demonstrates that his or her failure to appear was caused by "exceptional circumstances" or the absence of notice. *See* 8 U.S.C. § 1229a(b)(5)(C). On appeal, our review is limited to "(1) the validity of the notice that was provided to the alien; (2) the reasons the alien gives for not attending the proceeding; and (3) whether the alien is removable." *Ramirez v. Gonzales*, 247 F. App'x 782, 784-85 (6th Cir. 2007) (quotations omitted). "An alien bears the burden of demonstrating lack of notice." *Ablahad v. Gonzales*, 217 F. App'x 470, 474 (6th Cir. 2007). When considering a lack of notice, the Board "must consider all relevant evidence, including circumstantial evidence, offered to rebut the presumption of receipt." *Mecaj v. Mukasey*, 263 F. App'x 449, 451 (6th Cir. 2008) (citing *Lopes v. Gonzales*, 468 F.3d 81, 86 (2d Cir. 2006) (per curiam)).

Here, the Board summarily denied Gasca-Rodriguez's motion to reopen without considering all relevant evidence, namely, the numerous factors listed by Gasca-Rodriguez's attorney which rendered Gasca-Rodriguez's absence from the March 13, 2007, hearing completely anomalous absent lack of notice. These factors include the facts that Gasca-Rodriguez: (1) hired an attorney to represent him in the immigration proceedings; (2) appeared at four earlier immigration hearings; (3) filed an I-485 application for adjustment of status; (4) had his father file an I-130 petition on his behalf (which would have likely permitted Gasca-Rodriguez to remain in the United States); (5) paid a $1000 filing fee to Citizenship and Immigration Services; (6) submitted biometric data to the government to supplement his I-485 application; (7) continued to file materials with the immigration

court (through his attorney) following the September 26, 2006, hearing in anticipation of the June 20, 2007, individual hearing; and (8) desired to remain in the United States with his three children.

In view of the preceding factors, and Gasca-Rodriguez's attorney's claim (albeit not in the form of an affidavit) that he never received notice, there is a serious question as to whether notice of the March 13, 2007, hearing was indeed provided in this case. Accordingly, the Board's failure to consider these factors renders its decision an abuse of discretion. *See Mecaj*, 263 F. App'x at 451-53; *Lopes*, 468 F.3d at 85-86.

## CONCLUSION

For the foregoing reasons, we reverse the decision of the Board of Immigration Appeals and remand for a hearing on the merits of Gasca-Rodriguez's claim that he and his attorney did not receive notice.