# United States Court of Appeals
## For the First Circuit

No. 14-1710

JONATHAN HERICAR LEDESMA-SÁNCHEZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General of the United States,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Torruella, Thompson, and Barron,
Circuit Judges.

Lawrence Gatei and Immigration & Business Law Group, LLP on brief for petitioner.
Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Joyce R. Branda, Acting Assistant Attorney General, Civil Division, and Holly M. Smith, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, on brief for respondent.

August 14, 2015

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr. as respondent.

**BARRON**, **Circuit Judge**. This case concerns the requirement that an alien facing removal keep immigration authorities apprised of the alien's current address. Here, the alien failed to do so, and, on that basis, the Board of Immigration Appeals (BIA) denied his motion to reopen the removal proceedings, which were held in absentia. We deny the petition for review.

## I.

Jonathan Ledesma-Sánchez was born in the Dominican Republic and admitted to the United States on a nonimmigrant visa. He allegedly overstayed that visa. In March of 2010, a federal official personally served Ledesma with what is known as a Notice to Appear. That document charged Ledesma with being removable from the United States for overstaying a nonimmigrant visa. See 8 U.S.C. § 1227(a)(1)(B). And the Notice to Appear ordered Ledesma to appear before an immigration judge in Boston to adjudicate his removability, at a date and time to be set.

The Notice to Appear informed Ledesma, as required by statute, that he was obliged to provide immigration authorities with his mailing address and telephone number. See id. § 1229(a)(1)(F)(i). The notice also explained that Ledesma was required to update that information whenever his address or phone number should change. See id. § 1229(a)(1)(F)(ii). And, finally, the notice informed Ledesma that, if he did not comply with these requirements, the immigration court would not have to tell him

- 2 -

about the date and time of his removal hearing once it was set, and that he might then be ordered removed in absentia.  See id. §§ 1229(a)(2)(B), 1229a(b)(5)(B).

After being served with the Notice to Appear, Ledesma resided for a time -- as immigration officials were informed[1] -- at an address in the Roxbury neighborhood of Boston, Massachusetts. But in October of 2010, Ledesma moved to a new address in the Dorchester neighborhood of Boston without updating his address with immigration officials.[2]

In February of 2011, the Department of Homeland Security filed Ledesma's Notice to Appear with the immigration court in Boston.  The court then scheduled removal proceedings for March 1, 2011.  The immigration court sent notice of the hearing to Ledesma's old address in Roxbury.[3]  Ledesma claims, and the

---

[1] It is not entirely clear from the record how the government obtained Ledesma's Roxbury address and thus whether Ledesma provided it.  But neither the Immigration Judge nor the BIA denied Ledesma relief on the ground that he had failed to provide any address at any point.  Accordingly, as we explain below, we decide the case solely on the basis of Ledesma's failure to update his address when he moved from Roxbury to Dorchester.

[2] Ledesma does not claim to have continued to use his old Roxbury physical address as a mailing address after moving away. See Renaut v. Lynch, ___ F.3d ___, No. 14-1766, 2015 WL 3486688, at *2 (1st Cir. June 3, 2015).

[3] The notice was mailed using zip code 02119, and Ledesma claims, for the first time on appeal, that the correct zip code for the Roxbury address is 02121.  But the record does not indicate that the letter was returned as undeliverable.  Indeed, Ledesma's argument to the Immigration Judge and the BIA was that the notice of hearing was mailed to Ledesma's old Roxbury address.

government does not dispute, he did not actually receive notice of the hearing because none was sent to his Dorchester address. Ledesma did not appear at the hearing. He was ordered removed in absentia. See id. § 1229a(b)(5).

Over a year later, in August of 2012,[4] Ledesma moved to reopen his removal proceedings. See id. § 1229a(b)(5)(C)(ii). He argued that he had not received notice of the hearing and that the proceedings should be reopened on that basis.

The Immigration Judge denied the motion because Ledesma had failed to inform the immigration authorities of his change of address when he moved from Roxbury to Dorchester. And the Immigration Judge found that the consequences of such failure had been explained to him in his native Spanish language when he was personally served with the Notice to Appear.[5]

---

[4] Ledesma claims that he had only then become aware of the in absentia removal order after his counsel discovered it while pursuing an adjustment of status for Ledesma.

[5] Ledesma, in his brief on appeal as well as his briefing to the BIA below, at times at least appears to assert that he was not fully informed of the consequences of failing to provide and update his address. But even if that is his intended argument, he provides us with no reason to conclude that the Immigration Judge's determination to the contrary was clearly erroneous. Ledesma concedes that he was personally served with the Notice to Appear. And the official serving the Notice to Appear on Ledesma indicated on that form that Ledesma was provided with "oral notice in the Spanish language."

Ledesma appealed to the BIA, which affirmed the Immigration Judge's ruling. Ledesma now petitions for review of the BIA's decision.

**II.**

An in absentia removal order, like the one that Ledesma received when he did not appear at his scheduled removal hearing, may be "rescinded . . . if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title."  8 U.S.C. § 1229a(b)(5)(C).[6] Ledesma argues that he demonstrated that he did not actually receive notice that his hearing had been scheduled and, therefore, that the BIA erred by denying his motion to reopen the proceedings.

But, as the statute makes clear, the key issue is not whether Ledesma actually was informed of the time and place of the hearing.  The key issue is whether he "receive[d] notice <u>in accordance with paragraph (1) or (2) of section 1229(a)</u>."  <u>Id.</u> (emphasis added).  Only if he did not would he have a ground for reopening.  But Ledesma cannot make that showing.

Ledesma did not inform immigration authorities of his new address in Dorchester, and the government did provide notice to the last address that it had for him in Roxbury.  Ledesma makes

---

[6] We note that there are other potential bases for reopening removal hearings provided under the statute that have nothing to do with nonreceipt of notice, <u>see</u> 8 U.S.C. § 1229a(b)(5)(C), but Ledesma does not invoke any of them in this appeal.

no argument -- and we can see no basis for one -- that the statute could possibly be read to require the government to provide notice at an alien's new address when the alien has never apprised the government of it. See id. § 1229(a)(2)(A) (providing that that an alien must be notified "of any change or postponement in the time and place of [removal] proceedings"); id. § 1229(a)(2)(B) (providing that "[i]n the case of an alien not in detention, a written notice shall not be required under this paragraph if the alien has failed to provide the address required under paragraph (1)(F)."). And so Ledesma cannot show that he did not "receive notice in accordance with paragraph (1) or (2) of section 1229(a)." Id. § 1229a(b)(5)(C) (emphasis added). See Renaut v. Lynch, ___ F.3d ___, No. 14-1766, 2015 WL 3486688, at *3 (1st Cir. June 3, 2015) ("[A]n alien's case could be reopened if he failed to receive notice, so long as he complied with the statute's address requirements."); see also Velásquez-Escovar v. Holder, 768 F.3d 1000, 1004 (9th Cir. 2014); Domínguez v. U.S. Atty. Gen., 284 F.3d 1258, 1260-61 & n.4 (11th Cir. 2002); Mecaj v. Mukasey, 263 F. App'x 449, 451 (6th Cir. 2008) (unpublished); Jiang v. Gonzales, 239 F. App'x 62, 64 (5th Cir. 2007) (per curiam) (unpublished).

Ledesma does argue that his duty to update his address "had not yet attached" when he moved to Dorchester in October of 2010. He contends that is the case because the Department of Homeland Security did not file Ledesma's Notice to Appear with the

immigration court in Boston -- and thus initiate removal proceedings against him in that court -- until months later, in February of 2011.  But he cites no authority for the proposition that the government's lodging of the Notice to Appear with the immigration court is a precondition to an alien's duty to keep immigration officials apprised of any updates to his address.  And "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (citation omitted).

And we note, in any event, that nothing in the statute -- or the written notice provided to aliens on the Notice to Appear form -- indicates there is such a precondition to the address-updating duty.  Indeed, the immigration courts -- whom the written warnings in the Notice to Appear state should be the recipient of aliens' required change-of-address forms -- had published docketing rules at the time relevant to Ledesma's proceedings indicating that the immigration courts accept change-of-address forms "even if no Notice to Appear has been filed" with the immigration court.  Office of the Chief Immigration Judge, U.S. Dep't of Justice, Uniform Docketing System Manual, at II-7, II-10 (Apr. 2009), https://www.hsdl.org/?view&did=10761.

We thus hold that Ledesma is not entitled to reopen in absentia removal proceedings on the basis of not having received the notice Congress required.  And so we **deny** the petition for review.